UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK B. HARRIS,

        Plaintiff,

    v.

JOSEPH LEHMAN,

        Defendant.

Case No. C05-5379RBL

REPORT AND
RECOMMENDATION TO
DENY PLAINTIFF'S
I.F.P. APPLICATION

Noted for July 29, 2005

    The court has reviewed petitioner's application for leave to proceed *in forma pauperis* (Doc. 1). The court finds and recommends:

    (1). Plaintiff's application indicates that he has $1,158.00 in his account at the Special Commitment Center. (Dkt. # 1). He has no dependents.

    (2). The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit. *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D.

Report and Recommendation
Page - 1

1  639 (M.D.Pa. 1974).

2      (3)  Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*,
3  allow plaintiff a reasonable time period to pay the full filing fee.  Given, the amount in plaintiff's savings
4  account and his status as a resident of SCC, he has not shown that he is unable to pay the full filing fee
5  ($250.00).

6      (4)  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
7  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P.
8  6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.
9  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
10 set the matter for consideration on **July 29th, 2005**, as noted in the caption.

13     DATED this 23rd day of June, 2005.

15                                          */S/ J. Kelley Arnold*
                                          J. Kelley Arnold
16                                           United States Magistrate Judge